

**Service of Process Transmittal**
02/27/2017
CT Log Number 530766518

| | |
|---|---|
| **TO:** | Serviceof Process<br>CVS Pharmacy, Inc.<br>1 Cvs Dr, Mail Code 1160<br>Woonsocket, RI 02895-6195 |
| **RE:** | **Process Served in Louisiana** |
| **FOR:** | Louisiana CVS Pharmacy, L.L.C.  (Domestic State: LA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dennis Doucet and Kayla Orgeron, individually and on behalf of their minor child, Redding Doucet, Pltfs. vs. Louisiana CVS Pharmacy, LLC, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Petition(s), Request(s) |
| **COURT/AGENCY:** | LAFOURCHE; 17TH JUDICIAL DISTRICT COURT, LA<br>Case # C131921 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Florinef |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/27/2017 at 09:00 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Sean McAllister<br>L. Clayton Burgess, A P.L.C.<br>605 West Congress Street<br>Lafayette, LA 70501<br>337-234-7573 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/28/2017, Expected Purge Date: 03/05/2017<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  Service_of_Process@cvs.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>954-473-5503 |



Page 1 of  1 / DJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

D1380765

# CITATION

| | |
|---|---|
| **DENNIS DOUCET** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS.** | **PARISH OF LAFOURCHE** |
| **LOUISIANA CVS PHARMACY LLC** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-131921**

TO: LOUISIANA CVS PHARMACY LLC
THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816
residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, February 14, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

_____
Deputy Clerk of Court

L. CLAYTON BURGESS
ATTORNEY AT LAW
605 W CONGRESS STREET
LAFAYETTE, LA 70501

A TRUE COPY
Clerk of Court's Office
Thibodaux, La 2/6/14 2017
_____
Clerk of Court

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On _____ on the _____ | On _____ by |
| Day of _____, 20___ | Leaving the same with _____ |
| Service: _____ | |
| Mileage: _____ | On the ___ day of |
| | _____, 20___ |
| | Service: _____ |
| | Mileage: _____ |
| Dty. Sheriff EAST BATON ROUGE Parish | Dty. Sheriff EAST BATON ROUGE Parish |

| | | |
|---|---|---|
| DENNIS DOUCET AND KAYLA ORGERON, individually and on behalf of their minor child, REDDING DOUCET | * | DOCKET NO. 13 192 |
| | * | 17TH JUDICIAL DISTRICT COURT |
| VERSUS | | |
| | * | PARISH OF LAFOURCHE |
| LOUISIANA CVS PHARMACY, LLC | * | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, DENNIS DOUCET and KAYLA ORGERON, both persons of the full age of majority and domiciliaries of Lafourche Parish, State of Louisiana, who, in their individual capacities and on behalf of their minor child, REDDING DOUCET, and upon information and belief, respectfully represent:

1.

Made Defendant herein is:

A. **LOUISIANA CVS PHARMACY, LLC**, upon information and belief, a foreign business corporation authorized to do and doing business at all times relevant within the State of Louisiana.

2.

On January 29, 2016, Kayla Orgeron gave birth to a baby boy named Redding Doucet. The baby was born healthy and his father was Dennis Doucet.

3.

On or about February 6, 2016, Redding Doucet was diagnosed with Congenital Adrenal Hyperplasia (CAH). As part of his treatment for CAH, Redding was prescribed Florinef (0.1 mg) to take orally every day.

4.

On or about February 9, 2016, Plaintiffs went to the CVS Pharmacy located at 4572 LA-1, Raceland, LA 70394 (Store #5304, owned by Defendant) to fill Redding's prescription of Florinef. Plaintiffs were given a bottle of medication and were told by the pharmacy tech that the bottle contained their monthly prescription of Florinef.

5.

Plaintiffs began administering the medication to Redding according to their physician's instructions. Redding had a severely adverse reaction to the medication and Plaintiffs rushed him to the emergency room, where it was discovered that he was suffering from adrenal crisis and severe dehydration.

1



6.

Plaintiffs had to watch their infant child suffer in the emergency room, where the nurses were forced to perform an intraosseus infusion (injecting fluids directly into the bone marrow) on Redding's leg. Thereafter, Redding was flown to a nearby children's hospital where he was rushed into PICU and where he stayed for several days.

7.

After Redding was released from the hospital, Plaintiffs attempted to continue their normal, everyday lives, which included administering the prescribed medication to Redding.

8.

Less than three days after being released from the hospital, Redding again showed signs of adrenal crisis and severe dehydration. Plaintiffs again quickly rushed Redding to the emergency room as his status was life-threatening once again.

9.

Plaintiffs presented the emergency room physician with the medication that Redding was prescribed from the CVS Pharmacy. The physician then noticed that the medication contained inside the bottle was Fluoride, not Florinef, which was life-threatening to newborn infants like Redding Doucet.

10.

The aforesaid incidents were the direct result of the negligence of Defendant, CVS Pharmacies Inc., in the following non-exclusive particulars:

    A. Failure to properly administer the correct medication to a newborn infant;

    B. Failure to supervise employees in the proper administration of medication;

    C. Failure to train employees in the proper administration of medication; and

    D. Negligent infliction of emotional distress.

11.

As a result of the incidents, Redding Doucet was injured, including, but not limited to, adrenal crisis and severe dehydration, for which he is due damages as follows:

a. Pain and suffering; past, present, and future, in an amount reasonable in the premises;

b. Mental anguish and anxiety; past, present, and future, in an amount reasonable in the premises;

c. Medical bills and expenses; past, present, and future, in an amount reasonable in the premises;

d. Residual physical and mental impairment; past, present, and future, in an amount reasonable in the premises; and

e. Loss of enjoyment of life and other hedonic damages; past, present, and future, in an amount reasonable in the premises.

12.

As a result of the incidents, Dennis Doucet and Kayla Orgeron were injured and are due damages as follows:

a. Mental anguish and anxiety; past, present, and future, in an amount reasonable in the premises;

b. Medical bills and expenses; past, present, and future, in an amount reasonable in the premises;

c. Lost work wages; past, present and future, in an amount reasonable in the premises;

d. Loss of enjoyment of life and other hedonic damages; past, present, and future, in an amount reasonable in the premises; and

e. Loss or consortium; past, present, and future, in an amount reasonable in the premises.

13.

Because Redding Doucet is a minor child, Dennis Doucet and Kayla Orgeron are the proper party plaintiffs to bring this lawsuit pursuant to Louisiana law.

**WHEREFORE**, Plaintiffs, Dennis Doucet and Kayla Orgeron, individually and on behalf of their minor child, Redding Doucet, pray that this petition be filed and Defendant, CVS Pharmacy Inc., be duly cited and served with a copy of same and, after legal delays and due proceedings are had, there be judgment in favor of Plaintiff and against said Defendant for a full and true sum of an amount reasonable in the premises to be proven at a trial on the merits in this matter, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings and all other just and equitable relief.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

*[signature]*

**L. CLAYTON BURGESS (22979)**
**ISAAC E. KHALID (32076)**
**SEAN MCALLISTER (35900)**
Attorneys for Plaintiff

3

**PLEASE SERVE:**

**LOUISIANA CVS PHARMACY, LLC**
Through its registered agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

A TRUE COPY
Clerk of Court's Office
Thibodaux, La 2/14/2017
Clerk of Court

4

FILED
FEB 08 2017
CLERK OF COURT

| | | |
|---|---|---|
| DENNIS DOUCET AND KAYLA ORGERON, individually and on behalf of their minor child, REDDING DOUCET | * | DOCKET NO. 131921 |
| | * | 17TH JUDICIAL DISTRICT COURT |
| VERSUS | * | PARISH OF LAFOURCHE |
| LOUISIANA CVS PHARMACY, LLC | * | STATE OF LOUISIANA |

## REQUEST FOR NOTICE OF THE RENDITION OF ALL INTERLOCUTORY ORDERS OR JUDGMENTS

TO:  Lafourche Parish Clerk of Court
17th Judicial District Court
303 West 3rd Street, #104
Thibodaux, Louisiana 70301

Formal request is hereby made for written notice within ten (10) days in advance of any date fixed for the rendition of all interlocutory orders or judgments, as well as notice of hearings and/or trials (whether on merits or otherwise), in the above numbered and entitled cause, as provided in the Louisiana Code of Civil Procedure, particularly Articles 1571, 1572, 1913, 1914.

Respectfully submitted:

L. CLAYTON BURGESS, A P.L.C.
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

_____
L. CLAYTON BURGESS (22979)
ISAAC E. KHALID (32076)
SEAN MCALLISTER (35900)
Attorneys for Plaintiff

A TRUE COPY
Clerk of Court's Office
Thibodaux, La Feb 14 2017
_____
Clerk of Court

FILED
FEB 08 2017
_____
CLERK OF COURT

5

DIVISION C

| | | |
|---|---|---|
| DENNIS DOUCET AND KAYLA ORGERON, individually and on behalf of their minor child, REDDING DOUCET | * | DOCKET NO. 131921 |
| | * | 17ᵀᴴ JUDICIAL DISTRICT COURT |
| VERSUS | * | PARISH OF LAFOURCHE |
| LOUISIANA CVS PHARMACY, LLC | * | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, DENNIS DOUCET and KAYLA ORGERON, both persons of the full age of majority and domiciliaries of Lafourche Parish, State of Louisiana, who, in their individual capacities and on behalf of their minor child, REDDING DOUCET, and upon information and belief, respectfully represent:

1.

Made Defendant herein is:

A. **LOUISIANA CVS PHARMACY, LLC,** upon information and belief, a foreign business corporation authorized to do and doing business at all times relevant within the State of Louisiana.

2.

On January 29, 2016, Kayla Orgeron gave birth to a baby boy named Redding Doucet. The baby was born healthy and his father was Dennis Doucet.

3.

On or about February 6, 2016, Redding Doucet was diagnosed with Congenital Adrenal Hyperplasia (CAH). As part of his treatment for CAH, Redding was prescribed Florinef (0.1 mg) to take orally every day.

4.

On or about February 9, 2016, Plaintiffs went to the CVS Pharmacy located at 4572 LA-1, Raceland, LA 70394 (Store #5304, owned by Defendant) to fill Redding's prescription of Florinef. Plaintiffs were given a bottle of medication and were told by the pharmacy tech that the bottle contained their monthly prescription of Florinef.

5.

Plaintiffs began administering the medication to Redding according to their physician's instructions. Redding had a severely adverse reaction to the medication and Plaintiffs rushed him to the emergency room, where it was discovered that he was suffering from adrenal crisis and severe dehydration.

1

6.

Plaintiffs had to watch their infant child suffer in the emergency room, where the nurses were forced to perform an intraosseus infusion (injecting fluids directly into the bone marrow) on Redding's leg. Thereafter, Redding was flown to a nearby children's hospital where he was rushed into PICU and where he stayed for several days.

7.

After Redding was released from the hospital, Plaintiffs attempted to continue their normal, everyday lives, which included administering the prescribed medication to Redding.

8.

Less than three days after being released from the hospital, Redding again showed signs of adrenal crisis and severe dehydration. Plaintiffs again quickly rushed Redding to the emergency room as his status was life-threatening once again.

9.

Plaintiffs presented the emergency room physician with the medication that Redding was prescribed from the CVS Pharmacy. The physician then noticed that the medication contained inside the bottle was Fluoride, not Florinef, which was life-threatening to newborn infants like Redding Doucet.

10.

The aforesaid incidents were the direct result of the negligence of Defendant, CVS Pharmacies Inc., in the following non-exclusive particulars:

    A.    Failure to properly administer the correct medication to a newborn infant;

    B.    Failure to supervise employees in the proper administration of medication;

    C.    Failure to train employees in the proper administration of medication; and

    D.    Negligent infliction of emotional distress.

11.

As a result of the incidents, Redding Doucet was injured, including, but not limited to, adrenal crisis and severe dehydration, for which he is due damages as follows:

a. Pain and suffering; past, present, and future, in an amount reasonable in the premises;

b. Mental anguish and anxiety; past, present, and future, in an amount reasonable in the premises;



c. Medical bills and expenses; past, present, and future, in an amount reasonable in the premises;

d. Residual physical and mental impairment; past, present, and future, in an amount reasonable in the premises; and

e. Loss of enjoyment of life and other hedonic damages; past, present, and future, in an amount reasonable in the premises.

12.

As a result of the incidents, Dennis Doucet and Kayla Orgeron were injured and are due damages as follows:

a. Mental anguish and anxiety; past, present, and future, in an amount reasonable in the premises;

b. Medical bills and expenses; past, present, and future, in an amount reasonable in the premises;

c. Lost work wages; past, present and future, in an amount reasonable in the premises;

d. Loss of enjoyment of life and other hedonic damages; past, present, and future, in an amount reasonable in the premises; and

e. Loss or consortium; past, present, and future, in an amount reasonable in the premises.

13.

Because Redding Doucet is a minor child, Dennis Doucet and Kayla Orgeron are the proper party plaintiffs to bring this lawsuit pursuant to Louisiana law.

**WHEREFORE**, Plaintiffs, Dennis Doucet and Kayla Orgeron, individually and on behalf of their minor child, Redding Doucet, pray that this petition be filed and Defendant, CVS Pharmacy Inc., be duly cited and served with a copy of same and, after legal delays and due proceedings are had, there be judgment in favor of Plaintiff and against said Defendant for a full and true sum of an amount reasonable in the premises to be proven at a trial on the merits in this matter, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings and all other just and equitable relief.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

*/s/ Sean M*

**L. CLAYTON BURGESS** (22979)
**ISAAC E. KHALID** (32076)
**SEAN MCALLISTER** (35900)
Attorneys for Plaintiff

3

**PLEASE SERVE:**

**LOUISIANA CVS PHARMACY, LLC**
Through its registered agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

A TRUE COPY
Clerk of Court's Office
Thibodaux, La Feb 14 2017
Clerk of Court

FILED

FEB 13 2017
CLERK OF COURT

4

DIVISION C

| | | |
|---|---|---|
| DENNIS DOUCET AND KAYLA ORGERON, individually and on behalf of their minor child, REDDING DOUCET | * | DOCKET NO. 131921 |
| | * | 17TH JUDICIAL DISTRICT COURT |
| VERSUS | | |
| | * | PARISH OF LAFOURCHE |
| LOUISIANA CVS PHARMACY, LLC | * | STATE OF LOUISIANA |

### REQUEST FOR NOTICE OF THE RENDITION
### OF ALL INTERLOCUTORY ORDERS OR JUDGMENTS

TO: Lafourche Parish Clerk of Court
17th Judicial District Court
303 West 3rd Street, #104
Thibodaux, Louisiana 70301

Formal request is hereby made for written notice within ten (10) days in advance of any date fixed for the rendition of all interlocutory orders or judgments, as well as notice of hearings and/or trials (whether on merits or otherwise), in the above numbered and entitled cause, as provided in the Louisiana Code of Civil Procedure, particularly Articles 1571, 1572, 1913, 1914.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

*/s/ L. Clayton Burgess*

L. CLAYTON BURGESS (22979)
ISAAC E. KHALID (32076)
SEAN MCALLISTER (35900)
Attorneys for Plaintiff

A TRUE COPY
Clerk of Court's Office
Thibodaux, La _____

FILED
FEB 13 2017
CLERK OF COURT

5